

**U.S. Department of Justice**

*Scott C. Blader*
**United States Attorney's Office**
**Western District of Wisconsin**

Telephone 608/264-5158
TTY 608/264-5006
Administrative Facsimile 608/264-5183
Civil Division Facsimile 608/264-5724
Criminal Division Facsimile 608/264-5054

*Address:*
*222 West Washington Avenue*
*Suite 700*
*Madison, Wisconsin 53703*

April 9, 2018

18 - mj - 95 - slc

Richard Coad
Coad Law Office, S.C.
10 E. Doty Street, Suite 513
Madison, WI 53703

Re:   *United States v. MacFarlane Pheasants, Inc. (MPI)*

Dear Attorney Coad:

This is the proposed plea agreement between the defendant and the United States in this case.

1.      The defendant agrees to plead guilty to a one-count information filed by the United States Attorney in this case. This count charges a violation of 16 U.S.C. § 703, a misdemeanor violation which under the provisions of 16 U.S.C. § 707(a) carries maximum penalties of six months prison, a $15,000 fine, and a $25 special assessment. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

2.      The defendant acknowledges, by pleading guilty, that he is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

3.      The parties agree to recommend to the Court that the defendant receive the following sentence: (1) a $15,000 fine (payable to the North American Wetlands Conservation Fund Account) which the defendant agrees to pay in full at the time of sentencing; and (2) the defendant also agrees that MacFarlane Pheasants, Inc. is banned from, and shall not apply for, a depredation permit for a period of five years, to

April 9, 2018
Page 2

commence on the day of sentencing.

    4.     The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing a presentence report, if the court orders the preparation of such a report.

    5.     The United States agrees that, as the violation of 16 U.S.C. § 703 to which the defendant is pleading is a misdemeanor offense, it does not serve as a disqualifying factor under 50 C.F.R. § 13.21(c)(1) to either revoke or deny McFarlane Pheasants, Inc. any necessary permits or licenses for import or export activity. Further, in entering the plea, McFarlane Pheasants, Inc. exhibits an acceptance of responsibility for its conduct, and does not evidence a lack of responsibility, as defined and used in 50 C.F.R. § 13.21(b)(1), necessary to revoke or deny import or export permits.

    6.     The defendant agrees to complete the enclosed financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant also authorizes the U.S. Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States the net worth and cash flow statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

    7.     In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

    8.     If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. The defendant acknowledges his understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

    9.     By your signatures below, you and the defendant also acknowledge that this is the only plea agreement in this case. The recommendations of the United States are contingent upon the defendant signing this plea on or before ~~May 1, 2018.~~ June 21, 2018.

April 9, 2018
Page 3

10.    All plea agreements must be approved by the United States Attorney or his designee. This plea proposal has not yet been approved. Consequently, I have not signed this proposed plea agreement and the final acceptance is conditioned upon supervisory approval. If you have any questions or need any additional information, please feel free to contact me.

Very truly yours,

SCOTT C. BLADER
United States Attorney

By:    ROBERT A. ANDERSON
Assistant United States Attorney

7/3/2018
Date

6/21/18
Date

RICK COAD
Defendant's Attorney

6-18-18
Date

on behalf of
MACFARLANE PHEASANTS, INC.
Defendant